IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARC KRAMER, KIRIL TRAJCEVSKI, and MATT NYMAN, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 11 C 8758 ) |
| v. | ) Judge John Z. Lee ) |
| AMERICAN BANK AND TRUST COMPANY, N.A.; SHARON WHEELER; JULIE KLAUS; HARRY S. COIN; and DALE DOLLENBACHER, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Marc Kramer, Kiril Trajcevski, and Matt Nyman, on behalf of themselves and all others similarly situated, have sued American Bank and Trust Company, N.A. ("the Bank") and several of its managing officers, including Sharon Wheeler, Julie Klaus, Harry S. Coin, and Dale Dollenbacher. Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (Count I), violations of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.* (Counts II and III), and violations of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.* (Count IV), as well as breach of contract (Count V) and fraud (Count VI). Plaintiffs demand a trial by jury for all of their claims.

Defendants have moved to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). In addition, Defendants have moved to strike Plaintiffs' jury demand with respect to Counts II through IV pursuant to Rule 12(f). For the reasons set forth herein, the Court denies Defendant Wheeler's motion to dismiss,

grants in part and denies in part the remaining portions of Defendants' motion to dismiss,[1] and denies Defendants' motion to strike Plaintiffs' jury demand with respect to Counts II through IV.

### Factual Background[2]

Since 2008, Plaintiffs Marc Kramer, Kiril Trajcevski, and Matt Nyman have been employed as loan officers by Defendant American Bank and Trust Company, an Iowa corporation. Am. Compl. ¶¶ 4, 12. The four individually named Defendants are managing officers of the Bank: Wheeler is Executive Vice President; Klaus is Senior Vice President of Human Resources; Coin is President and Chief Executive Officer; and Dollenbacher is Executive Vice President and Corporate Financial Officer. *Id.* ¶¶ 5-8. Each has authority to control the wages and hours of Plaintiffs and similarly situated employees. *Id.*

As loan officers for the Bank, Plaintiffs routinely worked in excess of forty hours per week. *Id.* ¶ 21. Plaintiffs were compensated for their work solely on a commission basis. *Id.* ¶ 20. Plaintiffs' commissions were to be calculated based on the revenue generated from their work. *Id.* ¶ 23. However, Plaintiffs allege that Defendants retained a margin of the revenue before calculating Plaintiffs' commissions, such that Plaintiffs' compensation was less than what it should have been. *Id.* According to Plaintiffs, Defendants had represented that Plaintiffs' commissions would be calculated with no such margin retained. *Id.* ¶ 24.

Plaintiffs claim that, as a result of their commission-based compensation plan, they were paid less than the Illinois hourly minimum wage for all hours worked and were not paid overtime

---

[1] On December 6, 2013, after a stay in the proceedings had been lifted, Defendants Klaus, Coin, Dollenbacher, and the Bank renewed their motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), as well as their motion to strike certain jury demands pursuant to Rule 12(f). On February 12, 2014, the Court denied the motion with respect to Plaintiffs' claims under the Fair Labor Standards Act (Count I) and took the remainder of the motion to dismiss and the motion to strike under advisement.

[2] The following facts are taken from Plaintiffs' amended complaint and are accepted as true on review of Defendants' motion to dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

wages for overtime hours worked. *Id.* ¶¶ 20, 22. Furthermore, Plaintiffs also allege that, by retaining a margin of revenues before calculating Plaintiffs' commissions, Defendants breached their employment agreements with Plaintiffs and committed fraud by failing to calculate Plaintiffs' commissions in the manner represented. *Id.* ¶¶ 76, 80-83.

## Discussion

**I.     Defendant Wheeler's Motion to Dismiss**

On February 26, 2014, Defendant Wheeler filed a motion to dismiss for failure to effect timely service pursuant to Rule 12(b)(5), which the Court denied on April 1, 2014. Later, on April 17, 2014, Defendant Wheeler filed a Rule 12(b)(6) motion to join the other Defendants' motion to dismiss for failure to state a claim. Because Defendant Wheeler previously filed a Rule 12(b) motion to dismiss for failure to effect timely service, Rule 12(g) bars her from filing a second Rule 12(b) motion to dismiss for failure to state a claim.

Rule 12(g)(2) states: "Except as provided in Rule 12(h)(2) or (3),[3] a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Wheeler's failure-to-state-a-claim defense was available to her at the time she filed her earlier motion to dismiss for failure to effect timely service. And as Wheeler herself admits, her motion to dismiss for failure to state a claim raises the same arguments as those contained in the other Defendants' motion to dismiss, which was filed months before either of Wheeler's motions. *See* Wheeler's Reply Supp. Mot. Dismiss 2.

---

[3] Rule 12(h)(2) and (3) are inapplicable. Rule 12(h)(2) allows Wheeler to raise the defense of failure to state a claim "(A) in any pleading allowed or ordered under Rule 7(a) [e.g., complaint or answer]; (B) by a motion under Rule 12(c); or (C) at trial," and none of those are applicable here. Rule 12(h)(3) addresses the defense of lack of subject matter jurisdiction, which is not at issue here.

Wheeler's reliance on *Ennenga v. Starns*, 677 F.3d 766 (7th Cir. 2012), is inapposite. As Wheeler points out, in *Ennenga*, the court allowed the defendants to file a second motion to dismiss, finding that the motion was not barred by Rule 12(g). *See id.* at 771-73. In *Ennenga,* however, the defendants had *prevailed* in their first Rule 12(b)(6) motion, the plaintiffs then filed an amended complaint, and the defendants subsequently filed a second motion to dismiss for failure to state a claim, raising new arguments to address the new issues implicated by the plaintiff's amended complaint. *See id.*

The procedural posture of the present case bears no resemblance to that of *Ennenga*. Wheeler waited to raise the failure-to-state-a-claim defense until after she had raised, and the Court rejected, her failure-to-effect-timely-service defense. Thus, Wheeler has presented precisely the kind of piecemeal litigation Rule 12(g) is meant to avoid.[4] *See id.* at 773 ("The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground."). Accordingly, the Court denies Wheeler's motion to dismiss Plaintiffs' amended complaint for failure to state a claim.

## II.  Klaus, Coin, Dollenbacher, and the Bank's Motion to Dismiss Counts II-V

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. In reviewing a motion to dismiss, a court must accept as true all well-pleaded allegations in the complaint, and must draw all possible inferences in the plaintiff's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

---

[4] In their Memorandum of Law in Opposition to Defendant Wheeler's Motion to Dismiss, Plaintiffs have requested that the Court issue sanctions against Wheeler. The Court denies the request because Plaintiffs have failed to comply with Rule 11(c)(2).

Defendants first argue that Counts II through V of Plaintiffs' amended complaint fail to state claims for relief. Respectively, Counts II through V allege failure to pay minimum wages in violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.* (Count II), failure to pay overtime wages in violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.* (Count III), failure to pay total compensation due in violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.* (Count IV), and breach of contract (Count V). The Court will address the sufficiency of Plaintiffs' amended complaint with respect to each of these Counts in turn.

### A. Counts II and III: Violations of the Illinois Minimum Wage Law

The Illinois Minimum Wage Law ("IMWL") requires employers to pay employees a specified hourly minimum wage. 820 Ill. Comp. Stat. 105/4. The IMWL also requires employers to pay employees overtime wages for any hours worked in excess of forty hours per week, "at a rate not less than 1 1/2 times the regular rate at which [employees are] employed." *Id.* at 105/4a. An "employer" is defined to include:

> any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.

*Id.* at 105/3. An "employee" is defined to include "any individual permitted to work by an employer in an occupation." *Id.* The IMWL provides that employees have a cause of action against employers in violation of the IMWL. *Id.* at 105/12.

As a corporation, the Defendant Bank is an "employer" under the IMWL. The four individually named Defendants are also "employers," because they are "persons acting . . . in the interest of [the Bank] in relation to an employee." *Id.* at 105/3. Each Plaintiff is Defendants'

5

"employee" because Plaintiffs have worked for the Bank as loan officers since 2008. Am. Compl. ¶ 12.

Plaintiffs have alleged that they were paid less than the Illinois hourly minimum wage for work completed, that they routinely worked in excess of forty hours per week, and that they were not paid overtime for those excess hours. *Id.* ¶¶ 20-22. Thus, accepting Plaintiffs' allegations as true, the Court finds that Plaintiffs have sufficiently stated a claim for relief under the IMWL.

Defendants rely on the fact that Plaintiffs mistakenly refer to the Illinois Wage Payment and Collection Act in a key paragraph of their amended complaint, when they should have referred instead to the Illinois Minimum Wage Law. *See id.* ¶ 61. But this mistake does not warrant a dismissal of Count III. Plaintiffs' mistake has not deprived Defendants of notice of the nature of Plaintiffs' claims—Defendants themselves admit that, despite Plaintiffs' mistake, "Counts II and III are clearly premised, in part, on the Illinois Minimum Wage Law." Defs.' Mem. Supp. Mot. Dismiss 5. Plaintiffs have met their burden of making a short and plain statement of the facts showing that they are entitled to relief.

Additionally, Defendants assert that Plaintiffs' complaint must detail when and how many hours they worked overtime, relying on *Wilson v. Pioneer Concepts, Inc.*, No. 1-11-2353, 2011 WL 3950892 (N.D. Ill. Sept. 1, 2011). In *Wilson*, the court granted the defendant's motion to dismiss on the grounds that the plaintiff had failed to state a claim for overtime wages under the Fair Labor Standards Act. *Wilson*, 2011 WL 3950892 at *3. The plaintiff had alleged that some unidentified co-workers were owed overtime wages, but failed to allege that she herself was owed any overtime wages. *Id.* at *2. In contrast to *Wilson*, however, Plaintiffs in this case have alleged that they themselves routinely worked more than forty hours per week, which entitles them to overtime wages under the IMWL.

For these reasons, the Court denies Defendant Klaus, Coin, Dollenbacher, and the Bank's motion to dismiss Counts II and III of Plaintiffs' amended complaint.

**B.      Count IV:  Violation of the Illinois Wage Payment and Collection Act**

The Illinois Wage Payment and Collection Act ("IWPCA") provides that all employers "shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 Ill. Comp. Stat. 115/3. "Employee" and "employer" are defined under the IWPCA in a way substantially similar to how those terms are defined under the IMWL. *See id.* at 115/2. "Wages" are defined broadly as "any compensation owed an employee by an employer pursuant to an employment contract or agreement," and may consist of earned commissions. *Id.* The IWPCA provides that employees have a cause of action against employers in violation of the IWPCA. *Id.* at 115/14.

Plaintiffs allege that their commissions have not been calculated in the manner to which the parties agreed. Therefore, accepting Plaintiffs' allegations as true, the Court finds that Plaintiffs have sufficiently stated a claim for relief under the IWPCA.

Defendants argue that they are not in violation of the IWPCA, on the grounds that Plaintiffs agreed to a compensation scheme in which Defendants would retain a margin of revenues before calculating Plaintiffs' commissions by continuing to work for Defendants after this compensation scheme was implemented. To support this claim, Defendants point to *Geary v. Telular Corp.*, 793 N.E.2d 128 (Ill. App. Ct. 2003). In *Geary*, the court found that the plaintiff-employee had accepted a new compensation scheme when he continued to work for his employer after the new scheme was introduced. *Id.* at 133. But *Geary* does not bear on the facts of the present case. In that case, the plaintiff's employer informed employees in writing and in advance of the changes to their compensation plan, so the court was able to construe the

7

plaintiff's continued employment as legal acceptance of the changes. *Id.* at 132-33. In the present case, nothing in Plaintiffs' complaint suggests conduct signifying acceptance of Defendants' plan to retain a margin of revenues, and Plaintiffs allege that they were never informed of this plan. Am. Compl. ¶¶ 23, 24. Accordingly, the Court denies Defendants' motion to dismiss Count IV of Plaintiffs' amended complaint.

## C. Count V: Breach of Contract

Defendants also move to dismiss Plaintiffs' breach of contract claim for failure to allege the elements of the claim. "Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (internal quotation marks omitted).

Plaintiffs allege that Defendants breached Plaintiffs' employment contracts by failing to calculate Plaintiffs' commissions using the method that Plaintiffs and Defendants agreed upon. Taking the allegations in Plaintiffs' complaint as true and drawing all reasonable inferences in Plaintiffs' favor, Plaintiffs have sufficiently stated a claim with regard to all elements for breach of contract. First, Plaintiffs allege that Plaintiffs and Defendants agreed to a methodology for calculating Plaintiffs' commissions and that Plaintiffs continued to work for Defendants after that agreement, which suggests the existence of a contract for the payment of commissions at an agreed-upon level. Am. Compl. ¶¶ 12, 24. Second, Plaintiffs allege that they were "owed" commissions, from which it may reasonably be inferred that Plaintiffs substantially performed under the agreement. *Id.* ¶¶ 11, 71. Finally, Plaintiffs allege that Defendants breached their agreement to pay commissions using a particular methodology and Plaintiffs incurred losses as a

result of this breach. *Id.* ¶¶ 75-77. These facts are sufficient to state a claim for breach of contract. Accordingly, the Court denies Defendants' motion to dismiss Count V of Plaintiffs' amended complaint.

### III. Klaus, Coin, Dollenbacher, and the Bank's Motion to Dismiss Count VI

In Count VI of the amended complaint, Plaintiffs allege that Defendants have committed fraud. *Id.* ¶¶ 80-83. Common law fraud claims are governed by Rule 9(b), which sets forth a heightened pleading standard for allegations of fraud by providing that a complaint must plead allegations of fraud with particularity. Fed. R. Civ. P. 9(b); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668-69 (7th Cir. 2008). Defendants have moved to dismiss Count VI for failure to plead fraud with particularity as required by Rule 9(b).

To satisfy the heightened pleading requirement of Rule 9(b), a plaintiff must establish "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Id.* (internal quotation marks omitted). *See also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (describing the Rule 9(b) standard as requiring "the who, what, when, where, and how: the first paragraph of any newspaper story").

Plaintiffs have alleged the existence and content of a fraudulent statement made to them. They allege that they were told "that loan officers were being paid commissions based on accurate calculations of net revenue," when in fact loan officers were being paid under a compensation scheme in which Defendants retained a margin of revenues before calculating commissions. Am. Compl. ¶¶ 23, 24.

Plaintiffs, however, have not alleged the "who," "when," "where," or "how" of their claim for fraud. As for the "who" and "how," Plaintiffs only state that "Defendants represented" an allegedly fraudulent statement to Plaintiffs. *Id.* ¶ 24. The Court is left to guess how and precisely by whom this representation was made. And Plaintiffs offer no clues whatsoever as to when and where the allegedly fraudulent statement was made.

Accordingly, the Court grants Defendants' motion to dismiss Count VI of Plaintiffs' amended complaint for failure to state a claim for fraud with particularity and dismisses Count VI without prejudice. Plaintiffs may file a second amended complaint to correct the deficiencies discussed herein within fifteen days of this order. If Plaintiffs fail to so amend, then the Court will assume that Plaintiffs no longer wish to pursue their claim for fraud.

## IV. Motion to Strike Jury Demand

Defendants have moved to strike Plaintiffs' jury demand with respect to Counts II through IV pursuant to Rule 12(f). In federal court, federal law determines whether a plaintiff has the right to trial by jury for claims arising under state law. *See Simler v. Conner*, 372 U.S. 221, 222 (1963); *Jefferson Nat'l Bank of Miami Beach v. Cent. Nat'l Bank in Chi.*, 700 F.2d 1143, 1149 (7th Cir. 1983). The Seventh Amendment preserves the right to trial by jury in federal court "[i]n [s]uits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. *See also* Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate."). Because the Seventh Amendment is binding on federal courts, but not state courts, a plaintiff may have a right to trial by jury in federal court for claims that carry no such right when brought in state court. *See Mayer v. Gary Partners & Co., Ltd.*, 29 F.3d 330, 333 (7th Cir. 1994). This difference between federal and state courts is consistent with the strong federal

policy favoring trial by jury. *See Simler*, 372 U.S. at 222 ("The federal policy favoring jury trials is of historic and continuing strength.").

The Seventh Amendment guarantees the right to trial by jury for claims arising under a statute "if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194 (1974). A federal court must find that a statute creates legal rights and remedies for purposes of the Seventh Amendment, and thus carries a right to trial by jury, if (1) the nature of the statutory action is analogous to 18th-century common-law actions existing at the time the Seventh Amendment was ratified, and (2) the relief sought is legal, rather than equitable, in nature. *See Kremers v. The Coca-Cola Co.*, 714 F. Supp. 2d 912, 916-17 (S.D. Ill. 2009) (citing *Tull v. United States*, 481 U.S. 412, 417-18 (1987)). The second part of this inquiry bears greater weight than the first. *Tull*, 481 U.S. at 421.

In Counts II through IV, Plaintiffs bring claims under the IMWL seeking compensation for minimum wages and overtime wages, as well as a claim under the IWPCA seeking compensation for unpaid wages owed. Am. Compl. 18. Plaintiffs also seek statutory liquidated damages under the IMWL and IWPCA. *Id.* Although no federal court has directly addressed the question of whether actions brought under the IMWL and IWPCA carry a right to trial by jury in federal court, an analysis of the rights and remedies these statutes create leaves no doubt that they do.

First, Plaintiffs' IMWL and IWPCA claims are analogous in nature to the common-law actions of debt and assumpsit in existence at the time of the 18th century. *Cf. Rogers v. Loether*, 467 F.2d 1110, 1122 n.39 (7th Cir. 1972) (discussing claims for unpaid overtime wages and

11

liquidated damages under the Fair Labor Standards Act and noting that such claims are "analogous to [] common law action[s] of debt or assumpsit").

Second, the remedies Plaintiffs seek under these statutes are legal, rather than equitable, in nature. Payment of minimum wages and overtime wages is a form of legal relief. *See Lorillard v. Pons*, 434 U.S. 575, 583 (1978) (concluding that claims for unpaid minimum wages or unpaid overtime compensation are claims for legal relief carrying a right to trial by jury). Payment of commissions or wages contractually owed is also a form of legal relief, because "[a] claim for money due and owing under a contract is quintessentially an action at law," rather than a claim for equitable relief. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (quoting *Wal-Mart Stores, Inc. v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000)) (internal quotation marks omitted). Additionally, even if Plaintiffs were not requesting payment of unpaid wages, the relief they seek would still include legal remedies, because Plaintiffs seek statutory liquidated damages under the IMWL and IWPCA. Statutory liquidated damages are a form of legal relief carrying a right to trial by jury. *See Calderon v. Witvoet*, 999 F.2d 1101, 1109 (7th Cir. 1993) (holding that actions seeking statutory liquidated damages are "suits at common law" within the meaning of the Seventh Amendment).[5]

Because the claims Plaintiffs bring under the IMWL and IWPCA are analogous to 18th-century common-law actions, and because Plaintiffs seek legal remedies with respect to these claims, the Court finds that Plaintiffs have a right to trial by jury for claims brought under the IMWL and IWPCA. Thus, the Court denies Defendants' motion to strike from the amended complaint Plaintiffs' jury demand with respect to Counts II through IV.

---

[5] A claim for a blend of both legal and equitable relief does not deprive a plaintiff of the right to trial by jury. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959); *Rogers*, 467 F.2d at 1119-20. Thus, analysis of Plaintiffs' right to trial by jury is unaffected by the fact that Plaintiffs additionally request relief in the form of traditionally equitable remedies, such as injunctive and declaratory relief. *See* Am. Compl. 18.

**Conclusion**

For the reasons provided herein, the Court denies Defendant Wheeler's motion to dismiss Plaintiffs' amended complaint for failure to state a claim [271]. The Court grants in part and denies in part Defendant Klaus, Coin, Dollenbacher, and the Bank's motion to dismiss for failure to state a claim [228]. The Court dismisses Plaintiffs' claims against Klaus, Coin, Dollenbacher, and the Bank for fraud without prejudice and with leave to amend to cure the deficiencies outlined herein within fifteen days of the entry of this Memorandum Opinion and Order. In all other respects, Defendants' motion to dismiss is denied. The Court also denies Defendants' motion to strike from Plaintiffs' amended complaint Plaintiffs' jury demand with respect to Counts II, III, and IV.

**SO ORDERED**  ENTER: 7/23/14

**JOHN Z. LEE**
**United States District Judge**