IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARC KRAMER, KIRIL TRAJCEVSKI, MATT NYMAN, on behalf of themselves and all other similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 11 C 8758 |
| v. | ) ) | Judge John Lee |
| AMERICAN BANK AND TRUST COMPANY, N.A., SHARON WHEELER, JULIE KLAUS, HARRY S. COIN and DALE DOLLENBACHER, | ) ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

The defendants have filed a motion for various sanctions [Dkt. #399] regarding the plaintiffs' purported failure to produce tax returns and W2s and other materials related to damages. Magistrate judges in this Circuit – unlike every other Circuit lack the authority to issue sanctions in a referred case. *See Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424, 428-29 (N.D.Ill. 2012)(reviewing the cases on a Circuit by Circuit basis). Here, they are limited to a report and recommendation.

The parties came in for a hearing on the damages disclosure issue on August 3rd and, after some debate, that issue has been resolved to both sides' satisfaction. As for the tax returns and W2s, the defendants had long been seeking and which had been ordered produced, plaintiffs filed requests for those documents with the IRS May 1st. But defendants complain that two months have passed since that time. Plaintiffs even sent the IRS a follow-up request on July 7th. According to the IRS website, delivery of copies of such documents generally takes at least 60 days. http://www.irs.gov/uac/Newsroom/How-to-Get-a-Transcript-or-Copy-of-a-Prior-Year-Tax-Return.

Thus, the particular delay defendants are experiencing has nothing to do with the plaintiffs' lack of cooperation. However, as the defendants' Reply Brief compellingly shows, the defendants had not been forthcoming in providing the requested documents. Indeed, it has only been recently disclosed that Mr. Kramer has not even filed returns for a number of years – a fact known to him from the beginning, but not disclosed to the defendants and this court. [See Dkt. 419, at 4].

The defendants have also complained that they have not been provided with one of the plaintiff's W2s. They suspected that the W2s were intentionally withheld based on a discrepancy in income between them and information on the tax returns. But, it turned out that that plaintiff had produced his W2s as ordered and the discrepancy was due to the fact he had filed a joint return with his wife. The wife's W2s have since been produced.

Reading through the parties' submissions, one is left with the impression that at least some but not all difficulties are traceable to the kind of miscommunication that has become inherent in discovery disputes and which in part explains why discovery "is the bane of modern litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir. 2000)(Posner, J.). Unfortunately, we live in a time where people communicate not through reasoned discussion and conversation but through emails and texts. While the parties have attempted to comply with both Fed.R.Civ.P. 37(d)(1)(B) and Local Rule 37.2, – a point hotly disputed by the defendants' brief and Reply Brief --their briefs reflect that that compliance did not involve, for the most part, principled and balanced discussions. As so often occurs, their emails were manifestly inadequate to resolve problems that require personal conversations – preferably in person and at least on the phone. That is what Local Rule 37.2 requires. Exchanges of emails do not satisfy the Rule. *Ossola v. American Express Company,* 2015 WL 993379, 1 (N.D.Ill. 2015).

The requirement that there be personal interaction between lawyers is not designed as a make-work obligation for attorneys. Rather, it recognizes that the kind of impersonal and caustic emails that occur between lawyers in today's fractious environment are counter productive, and that resolution of disputes is more likely to occur where there is personal interaction. And thus, as the plain text of Local Rule 37.2 provides, the Rule is not satisfied absent personal discussions. And while the Rule permits telephone discussions, only a true *meet* and confer can alleviate differences and allow both sides to reach a resolution of their differences.

Given the vigor with which the Defendants' brief and Reply brief pursue the issue of sanctions, a few observations are in order. All too often plaintiffs do not comply with Fed.R.Civ.P. 26(a)(1)(A)(iii), which requires disclosure of claimed damages at the outset of the case.[1] Also, at that time, the party has to "make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based . . . ." Instead, they treat damage computations as though they were an insignificant part of discovery, even though they are as critical a component of a case as is proof of liability. Noncompliance with the disclosure requirements relating to damages can have serious preclusive effects on a plaintiff's ability to prove its case. *See, e.g., Paramount Media Group, Inc. v. Village of Bellwood*, 2015 WL 3419831, *1 (N.D.Ill. 2015); *Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.*, 2008 WL 1883435, 3-4 (N.D.Ill. 2008).[2]

---

[1] In this case, that should have been December 2011.

[2] Failure to comply with discovery obligations, whether contained in the Federal Rules of Civil Procedure or in specific court orders, is subject to a range of sanctions, including prohibiting the disobedient party from supporting designated claims or introducing designated matters into evidence and dismissal of the disobedient party's action. Fed.R.Civ.P. 37(b)(2); (b)(2)(A); (c)(1); *In re Petition of Boehringer*

(continued...)

Finally, a recurring problem exemplified by this case involves claims of attorney/client privilege or work-product protection that are supported by inadequate privilege logs.[3] It is unclear why so many cases continue to present this issue. The requirement that a party claiming privilege produce a privilege log, codified in Fed.R.Civ.P. 26(b)(5), is a requirement of long standing. *See Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 623 (7th Cir. 2010); Fed.R.Civ.P. 26(b)(5)(1993 comments). Nonetheless, manifestly inadequate privilege logs continue to be submitted even though a court can declare a waiver and is not obligated to allow a party a series of do overs of the privilege log. *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, 2015 WL 4523578 (D.Kan. 2015); *United Auto. Ins. V. Veluchamy,* 2010 WL 749980, at *5 (N.D.Ill. 2010).

An even more frequent problem is presented by claims of privilege or work-product protection that are supported by a privilege log that is untimely produced. Indeed, in many cases a privilege log is not contemporaneously produced at the time a claim of privilege is made and often is not produced for months or even years after the claim of privilege is raised. This insouciant attitude towards the privilege log requirement can have catastrophic repercussions, for the court can deem the claims of privilege waived. While it is true that Rule 26(b)(5) does not prescribe when a privilege log must be provided there is a significant risk in not providing the log to the other side at the time the claim of privilege or work-product protection is made. As is the case with an inadequate

---

[2](...continued)
*Ingelheim Pharmaceuticals, Inc.*, 745 F.3d 216, 226 (7th Cir. 2014); *Brown v. Columbia Sussex Corp*., 664 F.3d 182, 190 (7th Cir. 2011). A contrary rule would mark not merely a return to what Wigmore called the "sporting theory of justice," the eradication of which was the design of the Federal Rules of Civil Procedure, *Miller v. Lenz,* 2010 WL 252287, 6–7 (N.D.Ill.2010), but would render meaningless Rule 37's prohibition of the introduction of evidence that had not been disclosed during discovery.

[3] The log must contain sufficient information to allow for assessment of the claimed privilege.

4

privilege log, an untimely log can result in a waiver of the privileges being claimed. *See* the discussion in *Patrick v. City of Chicago,* 2015 WL 3989152, 3 (N.D.Ill. 2015).

## CONCLUSION

Whether a failure to comply with discovery obligations should result in sanctions – and what those sanctions should be – is left to the broad discretion of the district court. *Dynegy Marketing and Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011); *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir.2003); *cf.* Fed.R.Civ.P. 37(c)(1)(A)–(C). While the defendants' concerns in this case are not without merit, on the specific facts presented on this record, I think it would not be an appropriate exercise of discretion to impose sanctions in the form of a dismissal of the action or an exclusion of damage evidence. However, the Defendants have been needlessly and unjustifiably forced to pursue the defendants for information that should have been produced long ago and without the substantial effort that has been required. They should be compensated for those efforts.

Where, as here, any party acts inappropriately and causes his opponent to incur needless costs to secure compliance with discovery obligations, – and thereby wastes the court's time -- Rule 37 provides a remedy which should not receive a grudging application. *Paulcheck v. Union Pac. R. Co.,* No. 09 C 4226, 2010 WL 1727856, at *1 (N.D.Ill. 2010). In *Rickels v. City of South Bend, Indiana,* 33 F.3d 785, 786–87 (7th Cir.1994), Judge Easterbrook said it best: " 'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original). *See also Sambrano v. Mabus* 663 F.3d 879, 881–882 (7th

Cir.2011) ("Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put-upon adversaries...."); *United States Freight Co. v. Penn Cent. Transp. Co.,* 716 F.2d 954, 955 (2nd Cir.1983) ( "General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.' "). *See also* Jeffrey Cole and Rob Shapiro, *An Interview With Judge Hubert L. Will*, 20 LITIGATION 26, 29 (1993)(For Judge Will, "[p]art of the answer is more judicial involvement. We should no longer be willing just to sit up there and, when somebody commits a foul, call foul and give the other side two free throws. Judges need almost to treat it personally." ).

Perhaps another decision maker might have come to a different conclusion After all, on a virtually identical set of facts, two decision-makers can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion and both be affirmed on appeal. *See Mejia v. Cook County, Ill.,* 650 F.3d 631, 635 (7th Cir.2011); *United States v. Banks,* 546 F.3d 507, 508 (7th Cir.2008); *McCleskey v. Kemp*, 753 F.2d 877, 891 (5th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987).

Still, a careful review of the matter persuades me to recommend that that the defendants' motion should be denied except as it seeks attorneys' fees. As to that aspect of the motion, it is respectfully recommended that the motion be granted, with the amount of attorneys' fees to be determined after an appropriately supported fee petition by the defendants, following the consultation with the plaintiffs demanded by the Local Rules.

ENTERED: /s/ Jeff Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/17/15

**Under Fed.R.Civ.P. 72(b), parties must file any objections to this Report within 14 days. Failure to file timely objections constitutes a waiver of any objections to this Report. *See also* 28 U.S.C. §636(b)(1)(C).**