# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARC KRAMER, KIRIL TRAJCEVSKI, MATT NYMAN, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 11 C 8758 |
| AMERICAN BANK AND TRUST COMPANY, N.A., SHARON WHEELER, JULIE KLAUS, HARRY S. COIN, and DALE DOLLENBACHER, | ) ) ) ) ) ) | Judge John Z. Lee |
| Defendants. | ) | |

## ORDER

After Plaintiffs were ordered to produce certain discovery materials and to supplement their disclosures relating to damages, it took them up to four months to do so. Defendants moved for sanctions, and the Court referred the motion to Magistrate Judge Jeffrey Cole. He recommended granting the motion to the extent that Defendants sought attorney's fees and costs. Before the Court is Plaintiffs' objection to that recommendation. For the reasons provided herein, the Court rejects Plaintiffs' objection and adopts the recommendation in full. Plaintiffs are ordered to pay the attorneys' fees and costs incurred by Defendants in their efforts to obtain the discovery in question.

## Legal Standard

A district court reviews *de novo* a magistrate judge's recommendation that monetary sanctions be awarded. *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion."

*Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with *de novo* review." *Id.*

Federal Rule of Civil Procedure 37(b)(2)(C) authorizes a judge to "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." "[A] formal, written order to comply with discovery requests is not required under Rule 37(b); an oral directive from the district court provides a sufficient basis for Rule 37(b)(2) sanctions if it unequivocally directs the party to provide the requested discovery." *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994).

"[A] showing of willfulness, bad faith, or fault is necessary only when dismissal or default is imposed as a discovery sanction." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). A party's degree of fault for its disobedience "determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 473 (7th Cir. 1984). Even negligence is a degree of fault sufficient for imposing sanctions. *e360 Insight*, 658 F.3d at 642–43.

## Analysis

Plaintiffs object to Magistrate Judge Cole's R&R on two grounds. They first argue that Magistrate Judge Cole erred in issuing sanctions under Rule 37(b)(2)(C) because he did not identify specifically any order that Plaintiffs have violated with regard to the production of (1) tax information and (2) damages disclosures. Second, they argue that even if Magistrate Judge Cole held that they had failed to comply with his orders, they should not be sanctioned because

they had attempted in good faith to comply with his orders with regard to the production of tax information as well as damages disclosures.

I.  **Production of Tax Information**

With regard to Plaintiffs' tax information, Magistrate Judge Cole noted in his Report and Recommendation that he had ordered Plaintiffs to produce their W2s and tax returns. Report & Recommendation (R&R) at 1; *see* Defs.' Mot. Discovery Sanctions, Ex. C, 4/23/15 Hr'g Tr. 77:6–7, 79:7–8, 22–23 (ordering Plaintiffs to produce their tax returns, including spousal income information, by April 30, 2015); *see also id.*, Ex. D, 5/5/15 Minute Entry, ECF. No. 371 (ordering those Plaintiffs who had not yet produced W2s or 1099s to do so immediately). Despite these orders, Plaintiffs failed to produce the materials by the court-imposed deadlines. Indeed, even after two months had passed, Plaintiffs still had not produced W2s for Plaintiff Matt Nyman, any tax returns for Plaintiff Mark Kramer, and tax information for at least six other Plaintiffs.

Furthermore, to the extent any documents were produced, they were provided in dribs and drabs. For example, Nyman did not produce the missing W2s until June 29, 2015. As for Kramer, it was not until August 6, 2015, that Defendants discovered that Plaintiff Mark Kramer had not filed tax returns for several years. This fact, which should have been known to Kramer and his counsel all along, had not been communicated to Defendants. Instead, Kramer's failure to file tax returns for a number of years was shrouded in the ambiguity created by Plaintiffs' request to the IRS (which was after the April 30 deadline, by the way) for copies of Kramer's tax returns. Lastly, it was not until August 12, 2015, that Plaintiffs produced W2s and tax information for six other Plaintiffs. These facts amply demonstrate that Plaintiffs disregarded

Magistrate Judge Cole's order requiring the production of tax documents and information by April 30, 2015.

Next, Plaintiffs argue that even if Magistrate Judge Cole had identified a discovery order that they had violated, he erred in recommending sanctions because Plaintiffs had made a good faith attempt to comply with his deadlines. The argument that good faith noncompliance precludes sanctions, however, has been soundly rejected. *See, e.g.*, *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958) ("[T]he willfulness or good faith of [a party], can hardly affect the fact of noncompliance and [is] relevant only to the path which the District Court might follow in dealing with [the party's] failure to comply."); *Tamari*, 729 F.2d at 474 ("Courts thus have held that negligent failure to follow discovery proceedings may trigger sanctions.").

Viewing the facts anew, the Court concludes that Plaintiffs were, at the very least, negligent in not complying with Magistrate Judge Cole's orders. Despite binding authority that Plaintiffs' tax returns, W2s, and 1099s are relevant to their claims for lost income, *see Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74–75 (7th Cir. 1992), Plaintiffs took the dubious stance that they were not. After Magistrate Judge Cole disagreed and twice ordered Plaintiffs to produce tax returns for all Plaintiffs and their spouses, even then, Plaintiffs failed to do so. Because one of Plaintiffs' attorneys had a personal emergency and there was an apparent communication error within Plaintiffs' attorneys' law firm, Plaintiffs produced the W2s and 1099s of Plaintiffs, but not those of their spouses. In addition, as discussed above, Plaintiffs' noncompliance with Magistrate Judge Cole's deadlines was caused in part by Plaintiffs' failure to inform Defendants that Plaintiff Kramer had not filed tax returns for several years. A reasonable person in Plaintiff Kramer's position should have known that he had not filed tax returns for those years and would

have informed Defendants as such. Any cost resulting from his lack of candor should not be borne by Defendants. Plaintiffs' conduct, as a whole, resulted in Defendants' needless expenditure of time and resources to obtain these clearly relevant materials.

## II. Damages Disclosures

Again, Plaintiffs argue that Magistrate Judge Cole failed to indicate any order that they violated with regard to damages disclosures. Magistrate Judge Cole specifically noted that sanctions were appropriate under Rule 37(b)(2)(A), which only applies if a party disobeys a discovery order. R&R at 3 n.2; Fed. R. Civ. P. 37(b)(2)(A). In this way, Magistrate Judge Cole made it clear that his recommendation for sanctions was grounded in Plaintiffs' failure to obey his orders to provide supplemental answers with regard to damages disclosures by April 30, 2015, and to answer outstanding damages interrogatories by May 12, 2015. *See* Defs.' Resp. Pls.' Objections, Ex. 2, ECF No. 370; *id.*, Ex. 3, ECF No. 371. Rather than complying with these deadlines, Plaintiffs only supplemented their disclosures on May 15, 2015, and again on July 27, 2015. Having determined that Plaintiffs failed to comply with two discovery orders, the Court rejects Plaintiffs' contention that Rule 37(b)(2)(A) is inapplicable.

Plaintiffs' remaining arguments as to damages disclosures merely iterate the arguments discussed above. They contend that even if they had violated the judge's discovery orders, their good faith noncompliance precludes sanctions. This is not so.

Reviewing the facts de novo, the Court concludes that Plaintiffs were, at the very least, negligent in not complying with these discovery orders. That one of Plaintiffs' attorneys had a family emergency at some point does not explain why the other six attorneys of record did not ensure compliance with court orders. Plaintiffs do not provide any other reason why they failed to supplement their answers to outstanding damages interrogatories by April 30, 2015, or the

5

extended deadline of May 12, 2015. *See* Pls.' Objections at 8–9. Almost one and a half months after the extended deadline had passed, Plaintiffs still had not provided Defendants with the particular Bates-stamped numbers of the documents on which each Plaintiff's damages calculations are based or a description of the documents specific enough to enable Defendants to identify them. Plaintiffs' reliance on the fact that the parties had resolved damages disclosure issues by August 17, 2015, does nothing to refute that Plaintiffs were at fault for not timely supplementing the damages disclosures in the first place. As a result of Plaintiffs' conduct throughout the litigation, Defendants spent time, money, and resources in asking the Court to order Plaintiffs to provide and supplement their damages disclosures. *See e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011) (when considering discovery sanctions "we weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit").

Even if Plaintiffs had not violated Magistrate Judge Cole's discovery orders with regard to damages disclosures, sanctions would nonetheless be appropriate. Magistrate Judge Cole also recommended sanctioning Plaintiffs for their failure to comply with their initial disclosure obligations under Rule 26(a)(1)(A)(iii), thereby triggering sanctions under Rule 37(c)(1). Rule 26(a)(1)(A)(iii) requires a party to provide, without awaiting a discovery request, "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered . . . ."

As Plaintiffs concede, their initial disclosures were due May 4, 2012. Pls.' Objections at 9. However, over three years later, at the April 2, 2015, hearing, Plaintiffs stated that they were

still computing their damages. Defs.' Resp. Pls.' Objections, Ex. 6, 4/2/15 Hr'g Tr. at 32:22–23. This gross delay violates Rule 26(a)(1)(A)(iii).

For the reasons provided herein, the Court rejects Plaintiffs' objection to Magistrate Judge Cole's Report and Recommendation of August 17, 2015, and adopts it in full. Plaintiffs are ordered to pay the attorneys' fees and costs incurred by Defendants in their efforts to obtain the discovery at issue.

Date: 3/30/16                                                                                    /s/ John Z. Lee