IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARC KRAMER, KIRIL TRAJCEVSKI, and MATT NYMAN, on behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 11-cv-08758 |
| vs. ) ) | Hon. Andrea R. Wood, |
| AMERICAN BANK AND TRUST COMPANY, N.A., ) ) ) | Judge Presiding |
| Defendant. ) _____) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
<u>FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT</u>**

Plaintiffs Marc Kramer, Kiril Trajcevski and Matt Nyman ("Named Plaintiffs"), on behalf of themselves and all others similarly situated, by Plaintiffs' Counsel, Offit Kurman, P.A. and Freeborn & Peters, LLP, pursuant to Fed. R. Civ. P. 23(b)(3), respectfully submit the following Memorandum in Support of Final Approval of the Class Action Settlement with Defendant American Bank & Trust, N.A. ("Defendant"). This Court preliminarily approved the Class Action Settlement on September 10, 2019 (ECF No. 707).

<u>CLASS NOTICE</u>

Following the Court's Preliminary Order Approving the Settlement, notice of the settlement was sent by U.S. Mail to the Settlement Class Members. Specifically, the Class Notice was sent by the Settlement Administrator, Simpluris,[1] by U.S. Mail to all ninety-three (93) members of the Class on or before September 17, 2019.[2] Only one was returned as undeliverable

---

[1] The Affidavit of Mary Butler, Senior Project Manager at Simpluris, is attached hereto as Exhibit A.
[2] Ex. A, ¶ 6.

and the notice was resent to that person by email and receipt was acknowledged.[3] No objections or requests to opt out of the Settlement have been filed or received by the Settlement Administrator or Plaintiffs' Counsel.[4]

## I.  OVERVIEW OF THE LITIGATION PRECEDING SETTLEMENT.

Plaintiffs filed their original complaint in this matter on December 9, 2011, against Defendant, alleging violations of the Fair Labor Standards Act, Illinois Wage Payment and Collection Act, and the Illinois Minimum Wage Act, by failing to pay minimum wage, overtime, and by skimming commissions owed to loan officers. (ECF No. 1.)

For the next 8 years, the case proceeded through hard-fought litigation with Plaintiffs surviving motions to dismiss, motions for summary judgment and oppositions to attempts to certify a collective and eventually class action. Discovery included nearly 30 depositions, dozens of sets of interrogatories, and multiple discovery motions. Ultimately, following a multiple-day mediation with a professional mediator (Hon. Richard Neville (Ret.)), the parties reached an arms-length settlement that received preliminary approval from this Court on September 10, 2019 (ECF No. 707, the "Preliminary Order").

As demonstrated below, the Settlement Agreement is now ripe for this Court's approval.

## II.  THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT.

### A.  The Preliminary Approval Order.

The Preliminary Approval Order certified the following classes for settlement purposes (referred to together as the "Settlement Class"):

> All loan officers employed by ABT in Illinois at any point in time from December 9, 2008, through January 31, 2011 (Illinois Minimum Wage Class).

---

[3] Ex. A, ¶ 7.
[4] Ex. A, ¶ 9.

> All loan officers employed by ABT in Illinois at any point in time from December 9, 2001 through January 31, 2011 (Illinois Wage Payment and Collection Act Class).
>
> All loan officers employed by ABT at any point in time from December 9, 2006 through January 31, 2011 (Breach of Contract and Fraud Class).
>
> The "FLSA Class" is defined as "All loan officers employed by American Bank & Trust's Mortgage Division from June 12, 2009, to the present, who were paid on a commission basis and who were not paid minimum wage or overtime compensation."

In the Preliminary Order, the Court specifically found that the proposed terms of the Agreement satisfy all of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Preliminary Order further established a procedural framework for the final approval of the Agreement. Specifically, the Preliminary Order required that Notice of Settlement be sent to the Settlement Class Members; set deadlines and procedures for requests for exclusion and objections to the Settlement; and set an October 31, 2019 final approval hearing.

### B. The Class Notice.

Subsequent to the entry of the Preliminary Approval Order, on September 16, 2019, Plaintiffs' Counsel provided the Settlement Administrator, Simpluris, with the Class List, containing the names and addresses of the ninety-three (93) Class Members.[5] The Settlement Administrator successfully sent the Class Notice to the Class Members by U.S. Mail on or before September 17, 2019. All Class Members have been sent notice of the Settlement. No Class Members have objected to the Settlement or provided notice of their desire to opt out of the Settlement.[6]

### C. The Value of the Settlement Agreement.

---

[5] Ex. A, ¶ 4.
[6] Ex. A, ¶ 9.

3

Plaintiffs and Defendant entered into a class action Settlement Agreement. Specifically, the Agreement provides:

1. <u>Settlement Fund</u>. Subject to Court approval, Defendant agrees to pay the sum of $5,000,000.00 to a settlement fund (the "Settlement Fund") held by the Settlement Administrator. The entire fund will be paid out and there will be no reversion to Defendant. The Settlement Fund shall be distributed as follows:

> (a) Payment to Simpluris in the amount of $15,000.00 for the costs of settlement administration.
>
> (b) Payment of $12,500.00 to each Named Plaintiff as an incentive award for his service as a class representative, in addition to their recoveries as class members.
>
> (c) Payment of attorneys' fees in the amount of $2,000,000, which represents the fees to Plaintiffs' Counsel associated with their handling of this litigation on behalf of the Class, plus reimbursement of $299,193.00 as reimbursement for costs and expenses they advanced on behalf of the Class.
>
> (d) Each member of the Settlement Class will receive a distribution as set forth in the Settlement Agreement.
>
> (e) After the distributions above, if the gross amount of the aggregate uncashed settlement checks and any balance remaining in the Qualified Settlement Fund exceeds $15,000, the unclaimed settlement amounts shall be divided equally and the Settlement Administrator shall make a second distribution in an equal amount to each Class Member who previously cashed a settlement check.

If the amount of all uncashed settlement checks and any balance remaining in the Qualified Settlement Fund is less than $15,000 in the aggregate, the amount shall be distributed to Legal Aid Chicago.

2. <u>Attorneys' Fees and Costs</u>. Plaintiffs' Counsel request attorneys' fees in the amount of $2,000,000.00. As set forth in the Motion for Preliminary Approval of the Settlement, Plaintiffs' Counsel undertook substantial risk in this case, achieved a high level of success

4

recovering approximately 80% of each Class Member's actual damages, resulting in payments to the Class Members averaging $28,557. Plaintiffs' Counsel are actually seeking less than they would be entitled to under the attorney fee-shifting provisions of the statutory causes of action, in which a lodestar approach could be utilized. Indeed, Plaintiffs' Counsel invested well over $2 million of time in the case, carried the billing for nearly a decade, and on top of that advanced hundreds of thousands of dollars of expenses in order that the Class receive the substantial benefits of this Settlement. (ECF No. 703, Karen Decl., ¶¶ 13-16.) This litigation involved dozens of motions, nearly 30 depositions, and thousands of hours of attorney time. (*Id.* ¶ 5.) As reflected by the fact that no Plaintiff has in any manner objected to the award of attorneys' fees or filed any other objection or provided notice of a desire to exclude themselves from this Settlement, the amounts sought are fair, reasonable and appropriate. Further, the reasonable and necessary costs associated with this litigation which were advanced by Plaintiffs' Counsel totaled $299,193.00, for which counsel seeks reimbursement. (*Id*. ¶ 13.)

        D.      **No Objections Were Received.**

Neither Plaintiffs' Counsel, nor counsel for Defendant, nor the Settlement Administrator received any objection to the proposed Settlement or request for exclusion from the Settlement. The wholesale participation and uniform adoption by the Class should properly be viewed as a strong endorsement of the Agreement by the Settlement Class.

**III.    THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

In *Amchem Productions, Inc. v. Windsor*, 521 U.S. 591 (1997), the United States Supreme Court explained that, before approving a class action settlement, the district court must

first be satisfied that the elements of Rule 23(a) and 23(b) have been met. *Id.* at 621.[7] Once the court has determined that the requirements of Rule 23(a) and 23(b) have been met, it then must determine whether Rule 23(e) has been satisfied by determining whether the settlement is fair, reasonable and adequate. *General Electric Capital Corporation v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). The court should weigh the following six factors in making this determination:

1. The strength of the plaintiffs' case on the merits measured against the terms of the settlement;

2. The complexity, length, and expense of continued litigation;

3. The amount of opposition to the settlement among class members;

4. The presence of collusion in gaining a settlement;

5. The stage of the proceedings; and

6. The amount of discovery completed.

*Id.* (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)).

The proposed Class Settlement in this case satisfies each of the factors outlined in *GE Capital*. While Plaintiffs believe they had a good chance of prevailing if this case had gone to trial, the reality is that in denying Defendant's motion for summary judgment, the court implied that Plaintiffs would need to prove that Defendant knew Plaintiffs were working overtime, which would have been hotly contested. Further, the case was complicated in that there were multiple witnesses outside the court's subpoena power who would need to testify by deposition, and several witnesses deposed well over 5 years ago whose memories would be suspect when the case eventually went to trial. Added to this concern was the reality that if the case

---

[7] The District Court in this action twice reviewed this issue, once pursuant to Plaintiffs' Motion for Class Certification and again pursuant to Defendant's Motion for Reconsideration, and held that class certification was proper. (ECF Nos. 580, 656.)

proceeded to trial, statutory interest and attorneys' fees would grow to the point that if Plaintiffs fully prevailed, the resulting liability may have impacted Defendant's solvency, possibly requiring intervention by the FDIC, which may have jeopardized any recovery. Further, Defendant's relatively small size, combined with the volatility in the financial markets, raised concern that distress in the mortgage lending market could adversely affect Defendant's solvency, particularly given it previously had been on the FDIC's watch-list. This combination of factors, along with the reality that trials and appeals are inherently risky and could extend the case another four to six years, rendered continued litigation a substantial risk to Plaintiffs and justified their decision to settle.

As such, it is not surprising that no Class Members have objected to or requested to opt out of the Settlement. With Class Members receiving approximately 80% of their actual damages, and an average of $28,557 per claim, the Settlement Class is fully and uniformly participating in the settlement of this case.

There also is no evidence of any collusion among the parties in reaching the proposed Settlement. Indeed, the tenacity of this litigation – which included motions and hearings to disqualify counsel and multiple motions for sanctions – belie any complicity among the parties or their counsel. Moreover, the fact that settlement was only possible with the assistance of a private mediator over the course of multiple days, in which Named Plaintiffs participated at all times, negate any possible inference of collusion.

Finally, the fifth and sixth *GE Capital* factors also support the final approval of the proposed Settlement. This case went through full discovery, with tens of thousands of pages produced, nearly 30 depositions, and it followed production of a detailed damages report by an expert engaged by Plaintiffs. If the case had not settled at this point – with a trial date

7

approximately 3 months away -- it is unlikely a settlement ever would have been reached. Given the advanced stage of the proceedings, the extensive investigation and discovery completed, the proposed Settlement satisfies the fifth and sixth *GE Capital* factors.

### IV. **CONCLUSION**.

For all of the reasons set forth above and in Plaintiffs' Agreed Motion for Approval of Settlement, Incentive Awards and Attorneys' Fees and Costs, supporting memorandum of law and other submissions (ECF No. 701-703), Plaintiffs, individually and as representatives of the Settlement Class of similarly situated persons, request that the Court grant final approval of the Agreement and such other relief as is just. (Plaintiffs will submit a proposed order separately.)

Dated: October 17, 2019

Respectfully Submitted,

MARC KRAMER, MATT NYMAN and KIRIL TRAJCEVSKI

By: __/s/ Steven M. Hartmann_____
    One of their Attorneys
    Steven M. Hartmann (ARDC No. 6185428)
    Freeborn & Peters LLP
    311 South Wacker Drive - Suite 3000
    Chicago, Illinois 60606

    and

    Ari Karen
    Katharine Thomas Batista
    OFFIT KURMAN, P.A.
    8171 Maple Lawn Blvd., Ste. 200
    Maple Lawn, MD 20759
    Telephone: 301-575-0340

    Ten Penn Center
    1801 Market Street, Suite 2300
    Philadelphia, PA 19103
    Telephone: 267-338-1300
    *Admitted Pro Hac Vice*
    Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of October, 2019, a copy of the foregoing *Plaintiffs' Memorandum in Support of Final Approval of the Class Action Settlement* was electronically filed and thereby served via ECF upon:

Cameron A. Davidson, Esq.
Heninger and Heninger P.C.
101 W. 2nd Street
Suite 501
Davenport, IA 52801-1815
cdavidson@heningerlaw.com
*Attorneys for Defendant*

                                            */s/ Steven M. Hartmann*
                                                   Steven M. Hartmann

5062961v2/31297-0001