**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARC KRAMER, KIRIL TRAJCEVSKI, and MATT NYMAN, on behalf of themselves and all other similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>AMERICAN BANK AND TRUST COMPANY, N.A., )<br><br>Defendant. ) | No. 11-cv-08758<br><br>Judge Andrea R. Wood |

## FINAL APPROVAL ORDER

On September 10, 2019, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiffs Matt Nyman, Marc Kramer and Kiril Trajcevski ("Named Plaintiffs"), on behalf of themselves and all others similarly situated and on behalf of the Settlement Class (as defined below), and Defendant American Bank & Trust Company, N.A. ("Defendant"), as memorialized in the Settlement Agreement (the "Settlement Agreement").

In accordance with the Preliminary Approval Order, notice was mailed to the Settlement Class, who had the opportunity to opt out of the Settlement Agreement or object to the Settlement Agreement on or before October 15, 2019. No members of the Class either opted out or filed any objection to the Settlement Agreement. On October 31, 2019, the Court held a fairness hearing (the "Fairness Hearing"), for which all members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary

Approval Order. No persons appeared in Court seeking to address any concerns or objections over the proposed settlement. Having considered the parties' Settlement Agreement, Plaintiffs' Agreed Motion for Approval of Settlement, Incentive Awards and Attorneys' Fees and Costs (ECF No. 701), the Supporting Memorandum of Law (ECF No. 702), and Declaration of Ari Karen (ECF No. 703), and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiffs, Defendant, members of the Settlement Class, and the claims asserted in this litigation.

2. The Settlement Agreement was entered into in good faith following arms' length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class are bound by this Final Approval Order and the terms of the Settlement Agreement.

**Class Certification**

4. The previously-certified classes (together, the "Settlement Class") are now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), and as applicable Rule 216 (b) of the Fair Labor Standards Act, as follows:

> (1) The "Illinois Minimum Wage Law Class" is defined as "All loan officers employed by American Bank & Trust Company in Illinois at any point in time from December 9, 2008 through January 2011."
>
> (2) The "Illinois Wage Payment and Collection Act Class" is defined as "All loan officers employed by American Bank & Trust Company in Illinois at any point in time from December 9, 2001 through January 2011."

(3) The "Breach of Contract Class" is defined as "All loan officers employed by American Bank & Trust Company at any point in time from December 9, 2006 through January 2011."

(4) The "Fraud Class" is defined as "All loan officers employed by American Bank & Trust at any point in time from December 9, 2006 through January 2011;" and

(5) The "FLSA Class" is defined as "All loan officers employed by American Bank & Trust's Mortgage Division from June 12, 2009, to the present, who were paid on a commission basis and who were not paid minimum wage or overtime compensation."

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Class members; (c) Named Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class; (e) Offit Kurman, P.A. and Freeborn & Peters, LLP ("Plaintiffs' Counsel") are adequate Class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Named Plaintiffs are appointed as representatives of the Settlement Class.

7. Plaintiffs' Counsel are appointed as class counsel for the Settlement Class.

## Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the form of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by first class

U.S. Mail, and where requested, by email to each Settlement Class Member. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

10. No objections were filed by Settlement Class Members.

11. No opt outs were filed by Settlement Class Members

### Class Compensation

12. In accordance with the terms of the Settlement Agreement, Defendant shall deposit $5,000,000 (the "Gross Settlement Amount" or "Settlement Fund") with the Settlement Administrator, Simpluris.

### Releases

13. Upon entry of this Order finally approving the Settlement, Named Plaintiffs and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

### Award of Attorneys' Fees, Costs, and Incentive Award

14. The Court has considered Plaintiffs' Counsel's request for attorneys' fees. The Court awards Plaintiffs' Counsel the sum of $2,000,000.00 as an award of attorney's fees to be paid by the Settlement Administrator from the Settlement Fund within 5 days of the Settlement Administrator's receipt of the Gross Settlement Amount. Plaintiffs' Counsel litigated this case for nearly ten years, and expended resources in excess of the attorneys' fees awarded herein. The amount of fees sought is consistent with the agreement between the Named Plaintiffs, Settlement Class and Plaintiffs' Counsel, and the amount set forth in both the notice for class certification and

the notice of proposed settlement, to which no Class Member has filed an objection or opted out of the Settlement. Given the great risk of this litigation, the degree of difficulty, the extensive effort expended by Plaintiffs' Counsel and the substantial relief achieved for the Settlement Class, the Court finds under the facts of this case that the fee award is fair and reasonable.

15. The Court grants Plaintiffs' request for an incentive award to the Named Plaintiffs as Class representatives and awards $12,500.00 to each Named Plaintiff to be paid from the Settlement Fund. The Court finds that this payment is reasonable and justified by the Named Plaintiffs' service to the Settlement Class. This payment shall be paid by the Settlement Administrator from the Settlement Fund within 5 days of the Settlement Administrator's receipt of the Gross Settlement Amount.

16. The Court further grants that Plaintiffs' Counsel shall be reimbursed by the Settlement Administrator from the Settlement Fund the sum of $299,193.00 for costs incurred by Plaintiffs' Counsel on behalf of the Class to pursue the litigation which the Court finds to be reasonable and necessary. An additional $15,000.00 shall be paid from the Settlement Fund for the cost of the Settlement Administrator. Such amounts shall be made from the Settlement Fund within 5 days of the Settlement Administrator's receipt of the Gross Settlement Amount.

### **Other Provisions**

17. The parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the

settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

19. The Court orders Defendant to deliver the Gross Settlement Amount to the Qualified Settlement Fund Account established by the Settlement Administrator within 5 days of the entry of this Order Finally Approving the Settlement, in accordance with the terms of the Settlement Agreement.

20. The Settlement Administrator shall distribute the Settlement Fund to the Settlement Class Members, after payments to the Named Plaintiffs and Plaintiffs' Counsel specified above, in accordance with the provisions of this Order and the Settlement Agreement, within ten (10) days following the Settlement Administrator's receipt of the Gross Settlement Amount, in accordance with the Settlement Agreement.

21. The Class Administrator shall in accordance with the Settlement Agreement make any subsequent distribution within forty-five (45) days after expiration of the void date on Settlement Class Members' checks.

22. All claims asserted in Plaintiffs' Complaint (as amended) are hereby dismissed with prejudice with the parties to bear their own costs, in accordance with the terms of the Settlement Agreement. The Court retains jurisdiction to enforce the terms of the parties' settlement.

**SO ORDERED.**

Dated: October 31, 2019

Andrea R. Wood
United States District Judge